IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Martini Golf Tees, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Golf Gifts & Gallery, Inc. <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br><br> **(JURY TRIAL DEMANDED)** |

The Plaintiff, Martini Golf Tees, Inc. ("Martini Golf"), by its undersigned counsel, hereby complains of the Defendant, Golf Gifts & Gallery, Inc. ("Defendant"), and for its Complaint alleges as follows:

## THE PARTIES

1. Martini Golf is a corporation organized and existing under the laws of the State of Michigan.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Illinois.

## JURISDICTION AND VENUE

3. This is an action under federal and state law, seeking damages and injunctive relief for Defendant's intentional and willful infringement trademark infringement, patent infringement, unfair competition, and breach of contract.

4. This Court has subject matter jurisdiction over the trademark- and patent-related claims of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

5. This Court has supplemental jurisdiction over the subject matter of Martini Golf's

1

state law claims pursuant to 28 U.S.C. § 1367(a), in that the claims are so related to Martini Golf's federal claims that they form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant for at least the following reasons: (a) Defendant engages in persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in this judicial district and in Georgia; and (b) Defendant has purposefully established systematic and continuous contacts with this judicial district and should reasonably expect to be brought into court here.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and 1400(b) because Defendant does business in Georgia and a substantial part of the events giving rise to these claims occurred in this District.

## BACKGROUND FACTS

8. Martini Golf manufactures and sells golf tees under the brand name MARTINI®.

9. The MARTINI® golf tees have a unique and distinctive design which employs a wide head and tall stem to suggest the silhouette and shape of a martini glass. Martini Golf has been its offering golf tees under its proprietary designs since at least as early as 2008.

10. Martini sells the MARTINI® golf tees in connection with distinctive and unique promotional materials, packaging, and other trade dress that highlight the distinctive shape of its tees, and are highly recognizable from the martini-themed design motifs depicted in those materials.

11. Martini Golf's distinctive tees are popular and highly recognizable among golfers, as is the martini-themed trade dress that accompanies them.

12. Martini Golf owns U.S. Trademark Reg. No. 3904580 for the mark MARTINI used in connection with "golf tees."

2

13. In addition, Martini Golf owns the following U.S. Trademark Registrations (see copies attached as Exhibits A and B) for the distinctive design of its golf tees (collectively the "Martini Golf Registered Designs"):

| Reg. No. | Mark or Design | Goods |
|---|---|---|
| 6,026,456 |  | Golf tees. |
| 6,026,457 |  | Golf tees. |

14. The Martini Golf Registered Designs are indicators of Martini Golf as the origin of its high-quality golf tees and are symbolic of the extensive goodwill and consumer recognition built up by Martini Golf through substantial amounts of time and effort in advertising and promotion.

15. Martini Golf also owns U.S. Design Patent No. RE49,177[1] (the "Martini Patent") (see copy attached as Exhibit C) in connection with its golf tees as depicted below:

---

[1] U.S. Design Patent No. RE49,177 is a reissued patent based on US Design Patent No. D885,500.

3



16. As detailed further below, Martini Golf acquired the Martini Patent from Defendant in February of 2021 in exchange for good and valuable consideration.

17. Since around 2014, Defendant has been a wholesale customer of Martini Golf and has purchased Martini Golf's golf tees. On information and belief, since that time Defendant has sold golf tees in the designs covered by the Martini Registered Designs (collectively, the "Martini Registrations") under the MARTINI® brand through Defendant's e-commerce website.

18. Sometime around October of 2020, Martini Golf became aware that Defendant was promoting and selling golf tees that were identical to, or substantially indistinguishable from, the designs covered by the Martini Registered Designs under the brand name "Hi-Ball Tees."

19. The brand name selected by Defendant, Hi-Ball, is related to alcoholic drinks and, on information and belief, was selected by Defendant intentionally to cause consumer confusion with Martini Golf and its martini-themed products.

20. The packaging and other trade dress utilized by Defendant ("Defendant Trade Dress") in connection with Defendant's Hi-Ball golf tees is substantially similar to packaging and trade dress Martini Golf uses in connection with its MARTINI® brand golf tees. In particular, the Defendant Trade Dress features: (a) the "I" in "Hi-Ball" depicted as a martini glass in a manner

4

strikingly similar to the way the "T" in "Martini" is depicted in Martini's trade dress; (b) the "Hi-Ball" name depicted in a font highly similar to the font used in Martini's trade dress; and (c) a mid-century atomic start burst element in the "Hi-Ball" name similar to the mid-century starburst element Martini uses over the letter "I" in its trade dress.

21. On information and belief, Defendant selected the elements of the Defendant Trade Dress because they were highly similar to Martini Golf's trade dress intentionally to cause consumer confusion with Martini Golf and its martini-themed products.

22. Martini Golf raised concerns to Defendant with respect to Defendant's sales of its Hi-Ball golf tees and use of the Defendant Trade Dress.

23. In late February 2021, Martini Golf and Defendant entered into a settlement agreement (the "Settlement Agreement") under which Defendant agreed to: (a) cease selling Hi-Ball tees or any other golf tees substantially similar to the Martini Registered Designs and cease using the Defendant Trade Dress in connection with golf tees by no later than June of 2021 (the "Cessation Date"); and (b) assign all of Defendant's rights in the Martini Patent to Martini Golf.

24. Under the Settlement Agreement, Martini Golf agreed that, so long as Defendant continue to abide by the Settlement Agreement, Martini Golf would not object to (a) Defendant's sales of golf tees with an agreed-upon modified design that would not infringe Martini Golf's rights ("Redesigned Golf Tees"); or (b) Defendant's use of agreed-upon modified trade dress that would not infringe Martini Golf's rights ("Redesigned Trade Dress"). To date, Martini Golf has performed all of its obligations pursuant to the Settlement Agreement.

25. Sometime around March of 2022, Martini Golf discovered that Defendant was breaching the Settlement Agreement by (a) selling Hi-Ball tees and/or other golf tees that are identical or substantially similar to the Martini Registered Designs and (b) using the Defendant

5

Trade Dress and/or other trade dress confusingly similar to Martini Golf's trade dress in connection with golf tees. Such sales and use of the Defendant Trade Dress was well beyond the Cessation Date included in the Settlement Agreement.

26. In March of 2022, Martini Golf, through its attorney, contacted Defendant's attorney about Defendant's breach of the Settlement Agreement.

27. At that time, Defendant's attorney claimed that the retail establishments selling Hi-Ball tees were selling stock that had been purchased prior to the Cessation Date. Defendant's attorney also claimed that the use of infringing trade dress was the result of a manufacturer either using up old stock of packaging or inadvertently the old packaging design.

28. Moreover, Defendant's attorney provided reassurance that, though Defendant had breached the Settlement Agreement by selling infringing golf tees and using infringing trade dress after the Cessation Date, those actions would cease and Defendant intended to honor its obligations under the Settlement Agreement.

29. Despite the assurances of Defendant's attorney, on information and belief, Defendant continues to breach the Settlement Agreement and infringe Martini Golf's patent and trademark rights by selling golf tees that are identical or substantially similar to the Martini Registered Designs and by using trade dress that is confusingly similar to Martini Golf's trade dress.

30. In fact, at the time of filing this Complaint, more than 18 months after the Cessation Date agreed to in the Settlement Agreement, on information and belief, Defendant is selling golf tees that are identical or substantially similar to the Martini Registered Designs and using trade dress that is confusingly similar to Martini Golf's trade dress through retail outlets such as the PGA Tour Superstore and The Golf Warehouse. In short, on information and belief, Defendant is

6

still selling the very golf tees it agreed to cease selling and is still using the very trade dress it agreed to cease using.

31. Defendant was well aware of Martini Golf's trademark and patent rights at the time it undertook the actions complained of herein.

32. As a wholesale customer of Martini Golf, Defendant had knowledge of Martini Golf's distinctive and proprietary designs. Defendant also knew that Martini Golf's MARTINI® tee designs are high recognizable to and popular with customers and sold well compared to other similarly priced tees.

33. On information and belief, Defendant selected the infringing tee design, the Hi-Ball brand name, and the Defendant Trade Dress intentionally to freeload off of the popularity and reputation of Martini Golf and its products, to further a false association with Martini Golf, and cause other consumer confusion about the origin of Defendant's products.

34. In addition, Defendant expressly assigned exclusive rights in the Martini Patent to Martini Golf under the Settlement Agreement. The Settlement Agreement also contains specific references to Martini Golf's Registrations and other descriptions and acknowledgements of Martini Golf's intellectual property rights. Thus, Defendant had knowledge of, and acknowledged, those rights at least as early as the Settlement Agreement date.

35. Despite Defendant's knowledge, Defendant has and continues to sell golf tees and use trade dress that infringes Martini Golf's trademark and patent rights.

36. Defendant's sales of infringing golf tees and use of infringing trade dress has caused and will continue to cause confusion in the marketplace. Consumers who encounter Defendant's infringing golf tees and trade dress are likely to be confused regarding the origin or sponsorship of the golf tees and regarding the affiliation or connection between Martini Golf and Defendant.

37. An ordinary observer would not be able to tell the difference between Defendant's infringing tee and Plaintiff's patented design when both designs are side by side as illustrated below:

Martini Patent:                    Defendant's infringing golf tee:

  

38. Defendant's infringing golf tees and trade dress appear side-by-side with Martini Golf's products on store shelves:



39. Defendant's infringing actions have caused actual confusion in the marketplace.

Martini Golf has received complaints about the quality of Defendant's golf tees from consumers who mistakenly believed those tees originated with Martini Golf, not Defendant.

40. Defendant is not in any way affiliated or associated with Martini Golf and Martini Golf did not license or otherwise give permission to Defendant to use the designs covered by the Martini Golf Registrations in connection with Defendant's golf tees or to use Martini Golf's trade dress.

41. As a result of Defendant's activities, Martini Golf has been, and continues to be, damaged through the loss of sales revenues, as well as through the loss of Martini Golf's ability to control the quality of products in connection with its Martini Golf Registered Designs.

42. Defendant's foregoing activities have damaged, or are likely to damage, the reputation and goodwill associated with Martini Golf, the MARTINI® brand, and Martini Golf's products.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)**

43. The allegations set forth above are incorporated herein by this reference.

44. Martini Golf owns the Martini Golf Registered Designs, which are valid trademarks entitled to protection under federal law.

45. Defendant has used the Martini Golf Registered Designs and/or designs similar to the Martini Golf Registered Designs in U.S. commerce in connection with Defendant's sales of golf tees.

46. Martini Golf did not license or otherwise authorize or give permission to Defendant to use the Martini Golf Registered Designs in connection with Defendant's golf tees.

47. Defendant's use of the Martini Golf Registered Designs and/or similar designs is likely to cause confusion as to the affiliation, connection, or association of Defendant with Martini

9

Golf, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Martini Golf.

48. Defendant had knowledge and notice of the Martini Golf Registered Designs as well as its infringement of the Martini Golf Registered Designs.

49. By committing the acts alleged herein, Defendant has intentionally, knowingly, and willfully infringed the Martini Golf Registered Designs.

50. Defendant's activities constitute the infringement of the federally registered Martini Golf Registered Designs in violation of 15 U.S.C. § 1114(1).

51. Defendant has unfairly profited from the infringing actions alleged.

52. Martini Golf has been damaged by Defendant's infringing activities.

53. Martini Golf has suffered damage to the goodwill associated with the Martini Golf Registered Designs.

54. By reason of Defendant's willful acts, Martini Golf is entitled to damages that should be trebled under 15 U.S.C. § 1117.

55. This is an exceptional case making Martini Golf eligible for an award of attorney's fees under 15 U.S.C. § 1117.

56. Defendant's actions irreparably damage Martini Golf and will continue to cause damage unless enjoined by this Court. Therefore, Martini Golf is without an adequate remedy at law.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

57. The allegations set forth above are incorporated herein by this reference.

58. Martini Golf has valid and enforceable rights in the trade dress it uses in connection with its MARTINI® golf tees.

59.     Defendant's use of Defendant Trade Dress, and other trade dress similar to Martini Golf's trade dress is causing and is likely to continue causing confusion, mistake, or deception in that consumers are likely to assume that Defendant's products are Martini Golf's products or are sponsored by, or connected or affiliated with Martini Golf or Martini Golf's products.

60.     Defendant's use of a trademark identical to, or substantially indistinguishable from, the Martini Golf Registered Designs is causing and is likely to continue causing confusion, mistake, or deception in that consumers are likely to assume that Defendant's products are Martini Golf's products or are sponsored by, or connected or affiliated with Martini Golf or Martini Golf's products.

61.     Upon information and belief, Defendant's activities were and are committed with the intent to pass off Defendant's golf tees as Martini Golf's golf tees and with the intent to deceive and defraud consumers.

62.     Defendant's acts have caused and are likely to continue causing confusion, mistake, or deception in violation of 15 U.S.C. § 1125(a).

63.     By reason of Defendant's willful acts, Martini Golf is entitled to damages.

64.     Defendant's actions irreparably damage Martini Golf and will continue to cause damage unless enjoined by this Court.  Therefore, Martini Golf is without an adequate remedy at law.

**THIRD CAUSE OF ACTION**
**PATENT INFRINGMENT UNDER 35 U.S.C. § 285**

65.     The allegations set forth above are incorporated herein by this reference.

66.     The Martini Patent is valid and enforceable.

67.     Defendant has infringed and continues to infringe the Martini Patent by selling golf tees that are substantially the same as the claimed design of the Martini Patent.

11

68. Defendant had knowledge and notice of the Martini Patent and of its infringement of the Martini Patent.

69. Martini Golf has and continues to be damaged by Defendant's infringement of the Martini Patent. At the very least, Martini Golf has been deprived of a reasonable royalty calculated as a percentage of Defendant's sales resulting from its infringing activities.

70. Defendant's infringement of the Martini Golf Patent has been and continues to be willful.

71. This is an exceptional case making Martini Golf eligible for an award of attorney's fees under 35 U.S.C. § 285.

72. Defendant's actions irreparably damage Martini Golf and will continue to cause damage unless enjoined by this Court. Therefore, Martini Golf is without an adequate remedy at law.

### FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT

73. The allegations set forth above are incorporated herein by this reference.

74. The parties, for valuable consideration, entered into the Settlement Agreement, which is valid and enforceable.

75. Under the clear terms of the Settlement Agreement, Defendant agreed to: (a) cease selling golf tees golf tees substantially similar to the Martini Registered Designs; and (b) cease using the Defendant Trade Dress in connection with golf tees.

76. Defendant breached the Settlement Agreement by: (a) selling the High Ball Tees and/or other golf tees that are identical or substantially similar to Martini Golf's Registrations; and (b) using the Defendant Trade Dress in connection with golf tees

77. Defendant's breach of contract has damaged Martini Golf by an amount in excess

of $25,000, the exact amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Martini Golf prays for judgment against Defendant and that the Court:

A.	Enter judgment against Defendant and in favor of Martini Golf on all applicable counts;

B.	Award to Martini Golf Defendant's profits and the damages sustained by Martini Golf because of Defendant's conduct in infringing the Martini Golf Registrations;

C.	Award to Martini Golf Defendants' profits and the damages sustained by Martini Golf because of Defendants' acts of unfair competition under 15 U.S.C. § 1125(a);

D.	Award to Martini Golf Defendant's profits and the damages sustained by Martini Golf because of Defendant's conduct in infringing the Martini Patent;

E.	Award to Martini Golf treble, punitive, or otherwise enhanced damages, as available, upon a finding that Defendant acted willfully in the conduct of its trademark and patent infringement;

F.	Award Martini Golf damages equal to the amount damage Martini Golf has sustained and will sustained due to Defendant's breach of the Settlement Agreement, as well as interest, reasonable attorneys' fees, and costs of this action;

G.	Award to Martini Golf reasonable attorneys' fees and costs of suit as provided by 15 U.S.C. §1117(a); 15 U.S.C. §1117(b); and 35 U.S.C. §285;

H.	Order that all infringing golf tees and labels, signs, packaging, advertising materials, or other material that promote the infringing golf tees or that otherwise enable Defendant to engage in infringement activities as described herein be delivered to Martini Golf or seized for

destruction;

I. Grant Martini Golf preliminary and permanent injunctive relief against further infringement of the Martini Golf Registrations by Defendant;

J. Grant Martini Golf preliminary and permanent injunctive relief against Defendant's unfair competition;

K. Grant Martini Golf preliminary and permanent injunctive relief against further infringement of the Martini Patent by Defendant;

L. Order Defendant to make a written report within a reasonable period, to be filed with the Court, detailing the manner of Defendant's compliance with the requested injunctive and mandatory relief above;

M. Award Martini Golf its costs of suit and attorney's fees, to the extent not awarded above.

N. Grant Martini Golf such other and further relief as justice may require.

Respectfully submitted this the 18th day of January, 2023.

BELZER PC

/s/Nathan C. Belzer
Nathan C. Belzer
Georgia Bar No. 049786
John G. Posa
Georgia Bar No. 289827
2905 Bull Street
Savannah, GA  31405
912-236-3001 office
912-236-3003 fax
nbelzer@belzerlaw.com
*Attorneys for Plaintiff*